Steven R. Blackburn, State Bar No. 154797
Rachel S. Hulst, State Bar No. 197330
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111-5427
Telephone:   415.398.3500
Facsimile:    415.398.0955
sblackburn@ebglaw.com
rhulst@ebglaw.com

Attorneys for Defendant,
WHITEHALL JEWELERS, INC.
(formerly known as "WHITEHALL JEWELLERS, INC.)

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| SHEREEN ATTIA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WHITEHALL JEWELLERS, INC., a Delaware corporation<br><br>　　　　　Defendants. | CASE NO.  2:07-CV-01649-FCD-KJM<br><br>**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**<br><br>**(Court modifications shown in strikeout/underline format)**<br><br>Removed to Federal Court:  August 10, 2007<br>Trial Date:　　　　　　　　January 27, 2009 |

The parties in this matter, by and through their respective counsel of record, hereby stipulate and request that the Court enter the following Order regarding the protection of confidential information:

1.　　The procedures for protecting information set forth in this Order shall govern all information produced by any party that is designated as "Protected Information" or "Confidential" in the manner set forth below, including without limitation:  (i) answers to written discovery; (ii) documents produced in response to requests for production; (iii) documents and information produced voluntarily in response to informal requests; (iv) interrogatory responses; and (v) deposition testimony.

2. This Order is intended to protect the confidentiality of all documents and information that is not in the public domain and which either party has a good faith belief that disclosure would violate a personal, financial, or other interest protected by law, and that such disclosure threatens to cause serious harm that outweighs the public interest in disclosure of such information.

3. The Court, the parties, corporate counsel, counsel of record, any court reporters and mediators employed in this case, and their respective officers, employees, clerks, associates, and staffs, serving in this action (collectively the "Authorized Persons") and any witnesses to be called by the parties in this action shall be the only persons afforded access to information protected by this Order and marked as "CONFIDENTIAL" (hereinafter the "Protected Information"). Experts and consultants employed by counsel or the parties in connection with this case, and the staffs of such experts or consultants also shall be considered "Authorized Persons," provided that they have executed an acknowledgment in the form attached as Exhibit A to this Stipulation and Order.  Additionally, any party wishing to have an additional person other than those described in this paragraph listed as an Authorized Person within the meaning of this Order may request in writing that the other party stipulate that such person be added to the list of Authorized Persons. If no written objection is received within ten days, such person shall become an Authorized Person upon execution of the acknowledgment attached to this Stipulation and Order as Exhibit A. No Authorized Person shall:  (i) use the Protected Information for any purpose other than the prosecution or defense of this litigation; or (ii) provide, copy or otherwise disclose any item of Protected Information to any person other than the aforementioned Authorized Persons.

4. Any party who believes in good faith that a particular document or item of information is properly protected under this Order shall designate it as such by one or more of the following methods:

(i) provide written notice to all parties describing the information with particularity;

(ii) with respect to documents, mark each page of each such document with the phrase "CONFIDENTIAL;"

       (iii)    with respect to written discovery responses, mark each response with the phrase "CONFIDENTIAL;" and

       (iv)    with respect to deposition transcripts, mark each page of each such transcript with the phrase "CONFIDENTIAL."

5. Any party who believes in good faith that a particular document or item of information is properly protected under this Order shall implement the procedures set forth in paragraph 4 as set forth below:

       (i)    in the case of a party transmitting the information to other parties or to the Court, before the information is actually transmitted; and

       (ii)    in the case of a party receiving information, not more than five business days following the receipt thereof, or, in the case of documents produced prior to the entry of this Order, within five business days of its entry by the Court.

Notwithstanding the foregoing, any party who fails to comply with this paragraph shall nevertheless be entitled to provide notice designating such document or information as Protected Information: (a) by stipulation of all parties, which stipulation shall not be unreasonably withheld; or (b) upon motion to the Court based upon good cause.

6. Each party shall be responsible for clearly marking all Protected Information in its possession, custody and control and for taking all other steps reasonably necessary to ensure that persons other than Authorized Persons do not, directly or indirectly, gain access to Protected Information.

7. If Protected Information is included in any papers to be filed in Court, <u>the filing party shall seek to file</u> ~~shall be filed~~ such papers under seal in compliance with United States District Court, Eastern District of California, Local Rule 39-141.

8. If a party in possession of information or documents designated as "CONFIDENTIAL" receives a subpoena from a non-party to this case which seeks production or other disclosure of such documents or information, the party shall immediately give written notice to counsel for the party who designated the documents or information as "CONFIDENTIAL" stating the Confidential Materials sought and enclosing a copy of the

- 3 -

1  subpoena. Parties shall use their best efforts to give at least 10 days' notice before production or
2  other disclosure pursuant to subpoena should be given. In no event shall production or
3  disclosure be made before notice is given and, whenever possible, sufficiently in advance of
4  production or disclosure to afford the Party to whom such notice has been given at least three
5  business days to take appropriate action, including seeking judicial relief.

6  9.  Any party who believes that a particular item of Protected Information previously
7  designated pursuant to paragraph 4 above is not properly protectable within the meaning of this
8  Order shall be free to object at any time. The parties shall attempt to resolve informally any
9  objections to the designation of Protected Information. If any Party objects to the designation of
10 any Confidential Materials as "CONFIDENTIAL," that Party shall state the objection by letter to
11 counsel for the Party making the designation. The designating party shall then have 15 days in
12 which to file a Motion for Protective Order with the Court to protect the disclosure of the
13 ~~disclosure of the~~ documents in dispute. The parties may agree in writing to extend this 15 day
14 deadline. Until the Court rules on the designating party's motion, the documents or information
15 at issue shall continue to be treated and designated <u>by the parties</u> as "CONFIDENTIAL." Once the
16 Court rules, the confidential nature of the documents or information shall be determined in
17 accordance with the Court's ruling.

18 10. Nothing in this Order shall be deemed a waiver of any party's right to seek from
19 the Court reduced, different or additional protection with respect to any document or information
20 previously designated as Protected Information under this Order or to challenge a party's use or
21 possession of any such document or information.

22 11. No party shall be required to object to the designation of any particular document
23 or item of information as Protected Information, and failure to make objections at any particular
24 time shall not constitute a waiver or otherwise bar a party from objecting at a later date.

25 12. This Order shall not abrogate or diminish any party's contractual, statutory or
26 other right or obligation to maintain any information in confidence.

27
28

~~13.    The fact that a given item of information is or is not Protected Information within the meaning of this Order shall not be admissible in evidence or otherwise considered by the trier of fact in determining the merits of this case.~~

13. ~~14.~~ Upon final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, the possessor shall destroy or return all documents or information designated as Protected Information, including all copies thereof.  The possessor of the Protected Information may specify whether the documents and information must be destroyed or returned.  Written confirmation of compliance with this requirement shall be provided upon request.  This provision shall not bar Defendant from retaining any Protected Information which constitutes records that it is required as a corporation to retain under state or federal law.

14. ~~15.~~ This Protective Order shall not prevent any Party from applying to the Court for relief therefrom.

15. ~~16.~~ This Protective Order shall not control the use of any evidence during the trial of this Action.  However, nothing herein shall preclude any Party from seeking the assistance of the Court in maintaining the confidential nature of any evidence which is presented at trial.

16. ~~17.~~ This Order may not be modified or terminated, in whole or in part, except by order of the Court:  (i) for good cause shown, or (ii) upon written stipulation of the parties.  This Order shall survive and remain operative following the termination of this action.

17. ~~18.~~ The parties submit this document for the Court's consideration and approval as an Order.  It shall not be construed to create a contract between the parties and/or their respective counsel.  In the event of a dispute regarding the terms of this Order, the parties stipulate and agree that no part of this Order shall be construed against either party on the basis of authorship.

18. ~~19.~~ By entering into this Confidentiality Stipulation and Protective Order, neither party waives any right to withhold from discovery any information on the grounds that the information is protectable by or barred from disclosure by privilege, immunity or other recognized legal exception to disclosure.

IT IS SO STIPULATED AND AGREED:

DATED: January ___, 2008                    EPSTEIN BECKER & GREEN, P.C.

By: _____
Steven R. Blackburn
Rachel S. Hulst
Attorneys for Defendant
WHITEHALL JEWELERS, INC.,
formerly known as Whitehall Jewellers, Inc.

DATED: January __, 2008                     MINAMI TAMAKI LLP

By: _____
Jack W. Lee
Alex Cleghorn
Shirin Sinnar
Attorneys for Plaintiff Shereen Attia

ORDER GRANTING PROTECTIVE ORDER

Based on the above stipulation, a Protective Order is granted on the terms and conditions set forth above, incorporating the court's modifications.  IT IS SO ORDERED.

Date:   January 17, 2008.

_____
U.S. MAGISTRATE JUDGE

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY STIPULATION
AND ORDER REGARDING CONFIDENTIALITY**

I, _____, hereby acknowledge that I have read and understand the Stipulation and Order Regarding Confidentiality (the "Order") in the case of *Shereen Attia v. Whitehall Jewellers, Inc.*, case number 2:07-CV-01649-FCD-KJM, venued in the United States District Court, Eastern District of California, Sacramento Division.  I agree to comply with all requirements of the Order.  This Acknowledgment was executed on _____, 2008, at _____ California.

_____
[signature]

_____
[typed name]